IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| JEROME GREER-EL, 185 535 | * |
| Petitioner, | * |
| v. | * CIVIL ACTION NO. 2:03-CV-295-D |
| | WO |
| J.C. GILES, WARDEN, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jerome Greer-El on March 14, 2003. Petitioner challenges the convictions for unlawful possession of cocaine, unlawful possession of marijuana, and carrying a pistol without a license entered against him by the Circuit Court for Bullock County, Alabama, on January 4, 1996. The trial court sentenced Petitioner to serve consecutive terms of ten years' imprisonment for the drug offenses and a one year prison term in the county jail for the weapons offense. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction on May 2, 1997 and denied his application for rehearing on July 3, 1997. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on January 23, 1998. By operation of law, Petitioner's convictions became final on April 23, 1998. (*See* Doc. No. 9, Exhs. 1, 2, 4 and Doc. No. 13.)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because Petitioner's convictions became final in April 1998 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.

The limitation period applicable to the instant habeas petition ran from April 23, 1998 until Petitioner filed his state post-conviction petition on December 1, 1998, a period of 222 days. On June 18, 1999 the Alabama Court of Criminal Appeals affirmed the lower court's decision denying Petitioner's Rule 32 petition. The appellate court issued its certificate of judgment on July 6, 1999. With 143 days remaining in the limitation period, the time allowed Petitioner for filing a federal habeas petition expired on November 29, 1999. Although Petitioner filed a second Rule 32 petition in March 2001, this petition was not pending during the running of the limitation period as it was filed after expiration of the limitation period. It was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period.  *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).   (Doc. No. 9, Exhs. 3 & 4; Doc. No. 13.)

Based on Respondents' argument, the court entered an order advising Petitioner that

he failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). ( Doc. No. 14.)  The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*.  In his response, Petitioner argues that his claim that his sentence is illegal is jurisdictional in nature, and therefore, not subject to the one-year period of limitation. Petitioner further contends that he is factually innocent.  (Doc. No. 18.)

Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[1]  Here,

---

[1]This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

Petitioner's convictions became final on April 23, 1998 -- ninety days after the Alabama Supreme Court denied his petition for writ of certiorari-- as this is the date on which the time expired for Petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Petitioner filed a Rule 32 petition on December 1, 1998. A period of 222

---

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

days of the limitation period ran prior to the filing of Petitioner's first Rule 32 petition. Thus, when Petitioner's Rule 32 proceedings became final on July 6, 1999, only 143 days of the one-year limitation period remained in which Petitioner could timely file a federal habeas application. Thus, the time allowed Petitioner for the filing of a federal habeas petition expired on November 29, 1999. He filed the instant application for habeas relief on March 14, 2003.

Although Petitioner filed a second Rule 32 petition on March 27, 2001, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[2] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster,* 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied

---

[2] Petitioner filed his second Rule 32 petition in the state court more than fifteen months after § 2244(d)'s one-year period of limitation had expired.

to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*. In the instant case, the court finds that Petitioner has neither alleged facts to suggest that he ever attempted to file his federal habeas petition within the limitation period, much less that he diligently pursued relief.

In his response to the answer of Respondents, Petitioner argues that his claim regarding the trial court's imposition of an illegal sentence is jurisdictional in nature and, therefore, is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). Neither 28 U.S.C. § 2244(d) nor federal case law, however, makes such an exception for jurisdictional issues arising under state law. The court notes that the claims presented in this petition are not based on a newly recognized constitutional right, and the factual predicate of the claims was readily available to Petitioner at the time of his convictions and sentence. Additionally, Petitioner's conclusory allegations of actual, factual innocence provide no analysis or specific facts to warrant equitable tolling. *See Schlup v. Delo,* 513 U.S. 298, 324 (1995) (holding that a petitioner must support his

allegations of innocence with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *see also Steed v. Head*, 129 F.3d 1298, 1300 (11th Cir. 2000); *Sandvik*, 177 F.3d at 1270-72 (the "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction).

Petitioner's claims, therefore, fail to meet either of the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(C) and (D). Consequently, the undersigned finds no basis upon which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before July 5, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties

are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21st day of June, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE